Filing # 42083055 E-Filed 05/27/2016 03:12:36 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:_____
Judge: _____

MICHAEL BENAQUIST
Plaintiff
vs.

ROYAL CARIBBEAN CRUISES, LTD.
Defendant

**II.    TYPE OF CASE**

- Condominium
- Contracts and indebtedness
- Eminent domain
- Auto negligence
- Negligence – other
  - Business governance
  - Business torts
  - Environmental/Toxic tort
  - Third party indemnification
  - Construction defect
  - Mass tort
  - Negligent security
  - Nursing home negligence
  - Premises liability – commercial
  - Premises liability – residential
- Products liability
- Real Property/Mortgage foreclosure
  - Commercial foreclosure $0 - $50,000
  - Commercial foreclosure $50,001 - $249,999
  - Commercial foreclosure $250,000 or more
  - Homestead residential foreclosure $0 – 50,000
  - Homestead residential foreclosure $50,001 - $249,999
  - Homestead residential foreclosure $250,000 or more
  - Non-homestead residential foreclosure $0 - $50,000
  - Non-homestead residential foreclosure $50,001 - $249,999
  - Non-homestead residential foreclosure $250,00 or more

- Other real property actions $0 - $50,000
- Other real property actions $50,001 - $249,999
- Other real property actions $250,000 or more
- Professional malpractice
  - Malpractice – business
  - Malpractice – medical
  - Malpractice – other professional
- Other
  - Antitrust/Trade Regulation
  - Business Transaction
  - Circuit Civil - Not Applicable
  - Constitutional challenge-statute or ordinance
  - Constitutional challenge-proposed amendment
  - Corporate Trusts
  - Discrimination-employment or other
  - Insurance claims
  - Intellectual property
  - Libel/Slander
  - Shareholder derivative action
  - Securities litigation
  - Trade secrets
  - Trust litigation



**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

6

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Tonya J. Meister          FL Bar No.: 629243
Attorney or party                                              (Bar number, if attorney)

Tonya J. Meister          05/27/2016
(Type or print name)                          Date

Filing # 42083055 E-Filed 05/27/2016 03:12:36 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO:

MICHAEL BENAQUIST

   Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

   Defendant

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL BENAQUIST, sues Defendant, ROYAL CARIBBEAN CRUISES, LTD., and states, as follows:

### JURISDICTION, PARTIES & VENUE

1. This is an action for damages that *exceed* fifteen thousand dollars ($15,000.00), exclusive of interest, costs, and attorney fees.

2. Plaintiff, MICHAEL BENEQUIST, is a United States citizen that worked as a seaman aboard Defendant's cruise ship *VISION OF THE SEAS* with home port of Tampa, Florida, United States as an orchestra guitarist.

3. Defendant, ROYAL CARIBBEAN CRUISES, LTD., at all times material hereto, personally or through an agent:

 a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

 b. Was engaged in substantial activity within this state;

 c. Operated vessels in the waters of this state;

Page 1 of 18

    d.    Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181 or 48.193;

    e.    The acts of Defendant(s) set out in this Complaint occurred in whole or in part in this county and/or state.

4.    Defendant, ROYAL CARIBBEAN CRUISES, LTD., is subject to the jurisdiction of the Courts of this state.

5.    Defendant, ROYAL CARIBBEAN CRUISES, LTD.'s, corporate headquarters and base of operation is located in Miami, Florida, United States.

6.    Defendant, ROYAL CARIBBEAN CRUISES, LTD., is deemed a United States citizen based on the location of its corporate headquarters and base of operation is located in Miami, Florida, United States.

7.    At all material times, the subject cruise ship vessel *VISION OF THE SEAS* had its home port in Tampa, Florida, United States.

8.    At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessels *VISION OF THE SEAS*. This vessel was registered in a flag of convenience country.

9.    At all times material hereto, Plaintiff's employer was an agent of the ship owner and/or ship operator.

10.    At all times material hereto, the vessel was owned, operated, managed, maintained and/or controlled by Defendant.

11.    Plaintiff did not have a commercial relationship with Defendant.

12.    Plaintiff and Defendant's relationship did not have any relation with foreign

states.

13.   The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. Section 30104, the Seaman's Wage Act and the General Maritime Law of the United States.

## INCIDENT

14.   On or about December 30 and 31, 2013, Plaintiff was employed by Defendant as a seaman and was a member of the vessel's crew.   The vessel was in navigable waters.

15.   On or about the above referenced date, while in the service of the vessel, Plaintiff was injured as follows: Plaintiff was instructed by Defendant to manually blow up (inflate) balloons for the upcoming New Year's celebration.  Plaintiff complied and blew up many balloons for approximately two hours.

16.   On or about January 1, 2014. Plaintiff awoke with visual symptoms that included the appearance of what looked like ink splattered all over his right eye.

17.   Plaintiff immediately reported his symptoms to the ship's medical facility. Plaintiff requested the ship's doctor send him for urgent medical care shoreside as soon as possible.  The ship's doctor told Plaintiff he needed to wait.

18.   The ship's doctor's clinical note dated January 1, 2014 regarding his evaluation of Plaintiff included the recommendaton "to send to ER in Tampa to be seen."

19.     However, Defendant decided to not send Plaintiff to the ER in Tampa.

20.     On January 2, 2014, Plaintiff returned to the ship's medical facility, again, seeking urgent shoreside medical attention for his ongoing visual symptoms.

21.     At that time, the ship's doctor directed Plaintiff to been seen by an ophthalmologist in Cozumel, Mexico instead of going to the ER in Tampa over the weekend.   Plaintiff relied upon the ship's doctor's direction.

22.     On or about January 7, 2014, the Mexican shoreside doctor diagnosed Plaintiff with retinal vein occlusion and recommended he be sent as an emergency see a retinologist in Tampa, Florida for evaluation and treatment.

23.     On or about January 7, 2014, the ship's doctor discharged Plaintiff from the care of the ship's medical facility and did NOT send Plaintiff for an emergency evaluation with a retinologist in Tampa, Florida.

24.     The VISION OF THE SEAS cruise ship next arrived in Tampa, Florida on or about January 10, 2014; however, Defendant did not provide Plaintiff with the evaluation with a retina specialist until on or about January 14, 2014.

25.     On or about January 14, 2014, Plaintiff was evaluated by retina specialist, Dr. Patel, located in Tampa, Florida.  Upon examination of Plaintiff's right eye, Dr. Patel noted "blocking from intra retinal heme [hemorrhage] and much larger area of SRJ [subretinal hemorrhage]" as well as a "scotomoa" [blind spot].  Dr. Patel diagnosed Plaintiff with a retinal hemorrhage/valsava retinopathy.

26.     Dr. Patel advised Plaintiff's treatment options included blood clot dissolving

mediation and surgery; however, he did not recommend either since the heme [hemorrhage] had been present for two weeks.

27.   Thereafter, Plaintiff's eye condition continued to deteriorate and worsen.

28.   Possible curative treatment options, including but not limited to pnueumatic displacement, couldn't be performed to save his vision because of the older blood from the prior hemorrhage still in his eye.

29.   Defendant did not provide Plaintiff with prompt, proper and adequate medical care for his time sensitive eye condition.  The ship doctor and other medical providers failed to provide Plaintiff with prompt, proper and adequate medical care for his time sensitive eye condition.

30.   Defendant's acts and omissions resulted in Plaintiff suffering permanent injuries, including loss of vision in his right eye (20/600) as well as other problems.

31.   On or about June 8, 2015, Plaintiff's treating physician placed him at maximum medical improvement and indicated he was fit for duty.

32.   Thereafter, Plaintiff advised Defendant he was placed at maximum medical improvement and he was fit for duty.  Plaintiff also provided Defendant with a copy of the medical documentation reflecting those findings.

33.   Plaintiff notified Defendant he was ready, willing and able to return to work on the cruise ship on multiple occasions.

34.   Defendant refused to allow Plaintiff to return to work on its cruise ships despite the medical determination that he was fit for duty.

## COUNT I
## JONES ACT NEGLIGENCE

Plaintiff realleges, incorporates by reference, and adopts paragraphs one through thirty-four as though they were originally alleged herein and further alleges:

35.    It was the duty of Defendant to provide Plaintiff with a safe place to work.

36.    On or about the above referenced date, Plaintiff was injured while aboard the vessel.

37.    Plaintiff's injuries are due to the fault and negligence of Defendant, and/or its agents, servants, and/or employees as follows:

   a.    Failure to use reasonable care to provide and maintain a proper crew, medical personnel, and equipment;

   b.    Failure to use reasonable care to provide Plaintiff a safe place to work;

   c.    Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel;

   d.    Failure to use reasonable care to provide Plaintiff a safe place to work due to:

   -    Failed to provide Plaintiff with prompt, proper and adequate medical care, and/or;

   -    Failed to timely and adequately diagnose the serious nature of Plaintiff's right eye condition, and/or;

   -    Failed to timely treat Plaintiff's right eye condition, and/or;

   -    Required Plaintiff to manually blow up balloons, and/or;

   -    Failed to have sufficient crew and/or equipment to safely blow up the

Page 6 of 18

printing document

required number of balloons, and/or;

- Failed to train Plaintiff how to safely manually blow up balloons, and/or;

- Failed to warn Plaintiff of the dangers of manually blowing up balloons, and/or;

- Defendant failed inform Plaintiff of the serious nature of his right eye condition, and/or;

- Defendant failed inform Plaintiff that he required urgent medical care for his right eye condition, and/or;

- Sent Plaintiff back to work after he reported his right eye condition, and/or;

- Required the Plaintiff to work with vision and eye problems, and/or;

- Created a work environment where crew members are encouraged to return to work with injuries, and/or;

- Failed to warn Plaintiff of the dangers of delayed medical treatment for his right eye condition, and/or;

- Ship's medical personnel were incompetent in diagnosing the serious nature of Plaintiff's right eye condition, and/or;

- Ship's medical personnel were improperly trained to adequately deal with Plaintiff's medical condition, and/or;

- Ship's medical personnel were not adequately qualified and/or adequately licensed to provide medical care to Plaintiff, all of which injured Plaintiff and/or aggravated Plaintiff's injuries.

Page 7 of 18

e.  Failure to provide adequate instruction, and supervision to crew members and Plaintiff;

f.  Failure to provide prompt, proper, and adequate medical care which aggravated Plaintiff's injuries and caused him additional pain and disability;

g.  Failure to provide Plaintiff and other crew members who were associated with plaintiff or plaintiff's incident giving rise to this action, reasonable hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties. Defendant's employees are overworked to the point of fatigue.

h.  Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident;

i.  Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work.

j.  Prior to Plaintiff's accident Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard.

k.  Defendants failed to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as other standards such as ILO 147.

Page 8 of 18

l.     Defendants failed to select and utilize competent, skilled and properly trained medical care providers with proper and adequate medical equipment with respect to the Plaintiff's medical care..

m.    Defendants failed to properly medically manage Plaintiff's medical care after Plaintiff was injured.

n.    At all times material hereto, Defendant negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of the above caused the Plaintiff to be injured.

38.    Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

39.    Defendant is vicariously liable for the acts and omissions of the ship doctor and other medical personnel selected to provide Plaintiff with medical care.

40.    As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions

therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law as well as pre and post judgment interest and demands a jury trial of all issues so triable.

## COUNT II
## UNSEAWORTHINESS

41.  Plaintiff realleges, incorporates by reference and adopts paragraphs one through thirty-four as though they were originally alleged herein.

42.  Plaintiff was a seaman and a member of the crew of Defendant's vessel, which was in navigable waters.

43.  At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant.

44.  Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

45.  At all material times hereto, the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

a. Failed to provide Plaintiff with prompt, proper and adequate medical care,

Page 10 of 18

and/or; Failed to timely and adequately diagnose the serious nature of Plaintiff's right eye condition, and/or; Failed to timely treat Plaintiff's right eye condition, and/or; Required Plaintiff to manually blow up balloons, and/or; Failed to have sufficient crew and/or equipment to safely blow up the required number of balloons, and/or; Failed to train Plaintiff how to safely manually blow up balloons, and/or; Failed to warn Plaintiff of the dangers of manually blowing up balloons, and/or; Defendant failed inform Plaintiff of the serious nature of his right eye condition, and/or; Defendant failed inform Plaintiff that he required urgent medical care for his right eye condition, and/or; Sent Plaintiff back to work after he reported his right eye condition, and/or; Required the Plaintiff to work with vision and eye problems, and/or; Created a work environment where crew members are encouraged to return to work with injuries, and/or; Failed to warn Plaintiff of the dangers of delayed medical treatment for his right eye condition, and/or; Ship's medical personnel were incompetent in diagnosing the serious nature of Plaintiff's right eye condition, and/or;     Ship's medical personnel were improperly trained to adequately deal with Plaintiff's medical condition, and/or; Ship's medical personnel were not adequately qualified and/or adequately licensed to provide medical care to Plaintiff, all of which injured Plaintiff and/or aggravated Plaintiff's injuries.

      b.   The vessel was not reasonably fit for its intended purpose;

      c.   The vessel's crew and medical personnel were not properly trained, instructed or supervised;

      d.   The vessel did not have a fit crew;

      e.   The vessel did not have adequate manpower for the task being performed;

      f   The vessel did not have adequate equipment for the task being performed;

g.  The crew and Plaintiff were overworked to the point of being exhausted and
not physically fit to carry out their duties.

46.  As a result of the unseaworthiness of the vessel, the Plaintiff was injured about
Plaintiff's body and extremities, suffered physical pain and suffering, mental
anguish, reasonable fear of developing future physical and medical problems, loss
of enjoyment of life, physical disability, impairment, inconvenience on the normal
pursuits and pleasures of life, feelings of economic insecurity caused by
disability, disfigurement, aggravation of any previously existing conditions
therefrom, incurred medical expenses in the care and treatment of Plaintiff's
injuries, suffered physical handicap, lost wages, income lost in the past, and
Plaintiff's working ability and earning capacity has been impaired. The injuries
and damages are permanent or continuing in nature and Plaintiff will suffer the
losses and impairments in the future. In addition Plaintiff in the past and in the
future has lost the fringe benefits that come with Plaintiff's job, including but not
limited to found, free food, free shelter, free medical care, free uniforms, vacation,
and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law as well as pre and
post judgment interest and demands a jury trial of all issues so triable..

## COUNT III
## FAILURE TO PROVIDE MAINTENANCE AND CURE

47.  Plaintiff realleges, incorporates by reference, and adopts paragraphs one through
thirty-four as though they were originally alleged herein.

48.  Plaintiff while in the service of the vessel as a crew member was injured.

Page 12 of 18

49.   Under the General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant, until he is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage which ever is longer.

50.   Defendant did not timely diagnose and/or treat Plaintiff's injuries and required him to continue to work injured. Defendant failed to provide Plaintiff with prompt, proper and adequate medical treatment for his injuries/illness developed while in the service of the vessel.  Defendant failed to authorize and/or provide Plaintiff with medical treatment recommended by his medical care providers. Defendant prematurely terminated Plaintiff's maintenance and cure benefits. Defendant failed to re-instate Plaintiff's maintenance and cure benefits. Defendant has sole custody and control of Plaintiff's ship board medical records, Plaintiff's Maintenance and Cure Payment Summary and other documents related to the above.  These documents are needed by Plaintiff to review to show exact dates and amounts.

51.   Defendant willfully and callously delayed, failed and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition Defendant is late in paying the maintenance and cure.

52.   Defendant's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law

printing document

of the United States. Further Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated his condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands all damages entitled by law as well as pre and post judgment interest and demands a jury trial of all issues so triable.

## COUNT IV
## FAILURE TO TREAT

53.   Plaintiff realleges, incorporates by reference and adopts paragraphs one through thirty-four as though originally alleged herein.

54.   Plaintiff was employed by Defendant as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

55.   It was the duty of Defendant to provide Plaintiff with prompt, proper and adequate medical care.

56.   Defendant through the ship's physicians, and/or shoreside physicians and nurses negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

a. Defendant not giving Plaintiff adequate and prompt medical care after his initial injury and/or when he reported his right eye condition; and/or

b. Defendant sending Plaintiff back to work after he reported his vision and eye problems which aggravated his injuries and made them worse, and/or

c. Defendant not adequately diagnosing the Plaintiff, which led to inadequate care, all of which caused or aggravated his condition and/or

d. Failing to authorize and/or provide Plaintiff with medical treatment recommended by his medical care providers.

57.    As a direct and proximate result of Defendants' failure, Plaintiff suffered additional pain, injuries, aggravation of injuries, disability and/or Plaintiff's recovery was prolonged.

58.    In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred additional medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

59.    This Count is alleged separately from Jones Act Negligence pursuant to Joyce v. Atlantic Richfield Company, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured

https://www2.miami-dadeclerk.com/ocs/ViewerHTML5.aspx?QS=B6%2f9EwnZlIiih%2b...   7/22/2016

seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

WHEREFORE, Plaintiff demands all damages entitled by law as well as pre and post judgment interest and demands a jury trial of all issues so triable.

### COUNT V
### WAGES AND PENALTIES
### 46 USCA SECTION 10313

60.     Plaintiff realleges, incorporates by reference, and adopts paragraphs one through thirty-four as though originally alleged herein

61.     At all times material hereto, Plaintiff was employed as a seaman in the service of the vessel.

62.     While in the service of the ship, Plaintiff performed all the work required of him, and carried out the orders given by his superiors.

63.     Plaintiff was discharged without any lawful, just or sufficient cause. At the time of Plaintiff's discharge, the vessel was in a port of the United States.

64.     At the time of Plaintiff's discharge, Defendant did not pay Plaintiff all of his earned wages, including reimbursement of deductions previously made from Plaintiff's wages.  Defendant has sole custody and control of Plaintiffs wage records and personnel file. These documents are needed by Plaintiff to review to show exact dates and amounts with respect to earned wages owing to Plaintiff and deductions made from such earned wages.

65.     At the time of Plaintiff's discharge, Plaintiff demanded all his wages, including reimbursement of deductions made from Plaintiff's earned wages.

66. Defendant refused to pay Plaintiff all his earned wages or reimburse Plaintiff for the deductions made therefrom, without sufficient cause.

67. Under 46 U.S.C.A. Section 10313, Plaintiff is entitled to his earned wages, deductions, and two days wages for each day payment is delayed.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, wage penalties, attorney's fees and interest as permitted by law. Plaintiff also demands trial by jury.

## COUNT VI
## RETALIATORY DISCHARGE

Plaintiff realleges, incorporates by reference, and adopts paragraphs one through thirty-four as though they were originally alleged herein and further alleges:

68. As a result of the above referenced injury, Plaintiff claimed maintenance and cure benefits from Defendant pursuant to the General Maritime Law of the United States as well as other claims against Defendant.

69. Defendant's doctors determined the Plaintiff was fit for duty for his position.

70. Defendant refused to re-hire Plaintiff.

71. Defendant refused to re-hire Plaintiff because of his legal claims.

72. As a direct and proximate result of Defendant's refusal to re-hire Plaintiff, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands all damages entitled to by law, wages, penalties, court costs, attorney's fees, prejudgment and post-judgment interest and demands jury trial of all issues so triable.

MEISTER LAW, LLC
Courthouse Tower, Suite 750
44 West Flagler Street
Miami, Florida 33130
Phone: (305) 590-5570
Fax: (305) 675-3787

By: s/Tonya J. Meister
TONYA J. MEISTER
FLORIDA BAR NO.: 0629243

printing document                                                                      Page 1 of 18

Filing # 42319591 E-Filed 06/03/2016 04:01:04 PM

> IN THE CIRCUIT COURT OF THE 11th
> JUDICIAL CIRCUIT IN AND FOR
> MIAMI DADE COUNTY, FLORIDA
>
> CASE NO: 16-013563-CA-09

MICHAEL BENAQUIST

       Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

       Defendant
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, MICHAEL BENAQUIST, sues Defendant, ROYAL CARIBBEAN CRUISES, LTD., and states, as follows:

### JURISDICTION, PARTIES & VENUE

1.    This is an action for damages that *exceed* fifteen thousand dollars ($15,000.00), exclusive of interest, costs, and attorney fees.

2.    Plaintiff, MICHAEL BENEQUIST, is a United States citizen that worked as a seaman aboard Defendant's cruise ship *VISION OF THE SEAS* with home port of Tampa, Florida, United States as an orchestra guitarist.

3.    Defendant, ROYAL CARIBBEAN CRUISES, LTD., at all times material hereto, personally or through an agent:

    a.    Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.    Was engaged in substantial activity within this state;

    c.    Operated vessels in the waters of this state;

    d.      Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181 or 48.193;

    e.      The acts of Defendant(s) set out in this Complaint occurred in whole or in part in this county and/or state.

4.    Defendant, ROYAL CARIBBEAN CRUISES, LTD., is subject to the jurisdiction of the Courts of this state.

5.    Defendant, ROYAL CARIBBEAN CRUISES, LTD.'s, corporate headquarters and base of operation is located in Miami, Florida, United States.

6.    Defendant, ROYAL CARIBBEAN CRUISES, LTD., is deemed a United States citizen based on the location of its corporate headquarters and base of operation is located in Miami, Florida, United States.

7.    At all material times, the subject cruise ship vessel *VISION OF THE SEAS* had its home port in Tampa, Florida, United States.

8.    At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessels *VISION OF THE SEAS.* This vessel was registered in a flag of convenience country.

9.    At all times material hereto, Plaintiff's employer was an agent of the ship owner and/or ship operator.

10.    At all times material hereto, the vessel was owned, operated, managed, maintained and/or controlled by Defendant.

11.    Plaintiff did not have a commercial relationship with Defendant.

12.    Plaintiff and Defendant's relationship did not have any relation with foreign

states.

13.    The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. Section 30104, the Seaman's Wage Act and the General Maritime Law of the United States.

### INCIDENT

14.    On or about December 30 and 31, 2014, Plaintiff was employed by Defendant as a seaman and was a member of the vessel's crew.   The vessel was in navigable waters.

15.    On or about the above referenced date, while in the service of the vessel, Plaintiff was injured as follows: Plaintiff was instructed by Defendant to manually blow up (inflate) balloons for the upcoming New Year's celebration. Plaintiff complied and blew up many balloons for approximately two hours.

16.    On or about January 1, 2015, Plaintiff awoke with visual symptoms that included the appearance of what looked like ink splattered all over his right eye.

17.    Plaintiff immediately reported his symptoms to the ship's medical facility. Plaintiff requested the ship's doctor send him for urgent medical care shoreside as soon as possible.  The ship's doctor told Plaintiff he needed to wait.

18.    The ship's doctor's clinical note dated January 1, 2015 regarding his evaluation of Plaintiff included the recommendation "to send to ER in Tampa to be seen."

Page 3 of 18

19.   However, Defendant decided to not send Plaintiff to the ER in Tampa.

20.   On January 2, 2015, Plaintiff returned to the ship's medical facility, again, seeking urgent shoreside medical attention for his ongoing visual symptoms.

21.   At that time, the ship's doctor directed Plaintiff to been seen by an ophthalmologist in Cozumel, Mexico instead of going to the ER in Tampa over the weekend.   Plaintiff relied upon the ship's doctor's direction.

22.   On or about January 7, 2015, the Mexican shoreside doctor diagnosed Plaintiff with retinal vein occlusion and recommended he be sent as an emergency see a retinologist in Tampa, Florida for evaluation and treatment.

23.   On or about January 7, 2015, the ship's doctor discharged Plaintiff from the care of the ship's medical facility and did NOT send Plaintiff for an emergency evaluation with a retinologist in Tampa, Florida.

24.   The VISION OF THE SEAS cruise ship next arrived in Tampa, Florida on or about January 10, 2015; however, Defendant did not provide Plaintiff with the evaluation with a retina specialist until on or about January 14, 2015.

25.   On or about January 14, 2015, Plaintiff was evaluated by retina specialist, Dr. Patel, located in Tampa, Florida   Upon examination of Plaintiff's right eye, Dr. Patel noted "blocking from intra retinal heme [hemorrhage] and much larger area of SRH [subretinal hemorrhage]" as well as a "scotoma" [blind spot].  Dr. Patel diagnosed Plaintiff with a retinal hemorrhage/valsava retinopathy.

26.   Dr. Patel advised Plaintiff's treatment options included blood clot dissolving

printing document

      mediation and surgery; however, he did not recommend either since the heme [hemorrhage] had been present for two weeks.

27.    Thereafter, Plaintiff's eye condition continued to deteriorate and worsen.

28.    Possible curative treatment options, including but not limited to pnueumatic displacement, couldn't be performed to save his vision because of the older blood from the prior hemorrhage was still in his eye.

29.    Defendant did not provide Plaintiff with prompt, proper and adequate medical care for his time sensitive eye condition. The ship doctor and other medical providers failed to provide Plaintiff with prompt, proper and adequate medical care for his time sensitive eye condition.

30.    Defendant's acts and omissions resulted in Plaintiff suffering permanent injuries, including loss of vision in his right eye (20/600) as well as other problems.

31.    On or about June 8, 2015, Plaintiff's treating physician placed him at maximum medical improvement and indicated he was fit for duty.

32.    Thereafter, Plaintiff advised Defendant he was placed at maximum medical improvement and he was fit for duty. Plaintiff also provided Defendant with a copy of the medical documentation reflecting those findings.

33.    Plaintiff notified Defendant he was ready, willing and able to return to work on the cruise ship on multiple occasions.

34.    Defendant refused to allow Plaintiff to return to work on its cruise ships despite the medical determination that he was fit for duty.

## COUNT I
## JONES ACT NEGLIGENCE

Plaintiff realleges, incorporates by reference, and adopts paragraphs one through thirty-four as though they were originally alleged herein and further alleges:

35.     It was the duty of Defendant to provide Plaintiff with a safe place to work.

36.     On or about the above referenced date, Plaintiff was injured while aboard the vessel.

37.     Plaintiff's injuries are due to the fault and negligence of Defendant, and/or its agents, servants, and/or employees as follows:

   a.   Failure to use reasonable care to provide and maintain a proper crew, medical personnel, and equipment;

   b.   Failure to use reasonable care to provide Plaintiff a safe place to work;

   c.   Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel;

   d.   Failure to use reasonable care to provide Plaintiff a safe place to work due to:

      -   Failed to provide Plaintiff with prompt, proper and adequate medical care, and/or;

      -   Failed to timely and adequately diagnose the serious nature of Plaintiff's right eye condition, and/or;

      -   Failed to timely treat Plaintiff's right eye condition, and/or;

      -   Required Plaintiff to manually blow up balloons, and/or;

      -   Failed to have sufficient crew and/or equipment to safely blow up the

Page 6 of 18

required number of balloons, and/or;

- Failed to train Plaintiff how to safely manually blow up balloons, and/or;

- Failed to warn Plaintiff of the dangers of manually blowing up balloons, and/or;

- Defendant failed inform Plaintiff of the serious nature of his right eye condition, and/or;

- Defendant failed inform Plaintiff that he required urgent medical care for his right eye condition, and/or;

- Sent Plaintiff back to work after he reported his right eye condition, and/or;

- Required the Plaintiff to work with vision and eye problems, and/or;

- Created a work environment where crew members are encouraged to return to work with injuries, and/or;

- Failed to warn Plaintiff of the dangers of delayed medical treatment for his right eye condition, and/or;

- Ship's medical personnel were incompetent in diagnosing the serious nature of Plaintiff's right eye condition, and/or;

- Ship's medical personnel were improperly trained to adequately deal with Plaintiff's medical condition, and/or;

- Ship's medical personnel were not adequately qualified and/or adequately licensed to provide medical care to Plaintiff, all of which injured Plaintiff and/or aggravated Plaintiff's injuries.

e.  Failure to provide adequate instruction, and supervision to crew members and Plaintiff;

f.  Failure to provide prompt, proper, and adequate medical care which aggravated Plaintiff's injuries and caused him additional pain and disability;

g.  Failure to provide Plaintiff and other crew members who were associated with plaintiff or plaintiff's incident giving rise to this action, reasonable hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties. Defendant's employees are overworked to the point of fatigue.

h.  Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident;

i.  Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work.

j.  Prior to Plaintiff's accident Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard.

k.  Defendants failed to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as other standards such as ILO 147.

    l.    Defendants failed to select and utilize competent, skilled and properly trained medical care providers with proper and adequate medical equipment with respect to the Plaintiff's medical care..

    m.    Defendants failed to properly medically manage Plaintiff's medical care after Plaintiff was injured.

    n.    At all times material hereto, Defendant negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of the above caused the Plaintiff to be injured.

38.    Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

39.    Defendant is vicariously liable for the acts and omissions of the ship doctor and other medical personnel selected to provide Plaintiff with medical care.

40.    As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions

therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law as well as pre and post judgment interest and demands a jury trial of all issues so triable.

## COUNT II
## UNSEAWORTHINESS

41.   Plaintiff realleges, incorporates by reference and adopts paragraphs one through thirty-four as though they were originally alleged herein.

42.   Plaintiff was a seaman and a member of the crew of Defendant's vessel, which was in navigable waters.

43.   At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant.

44.  Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

45.   At all material times hereto, the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

a. Failed to provide Plaintiff with prompt, proper and adequate medical care,

and/or; Failed to timely and adequately diagnose the serious nature of Plaintiff's right eye condition, and/or; Failed to timely treat Plaintiff's right eye condition, and/or;  Required Plaintiff to manually blow up balloons, and/or; Failed to have sufficient crew and/or equipment to safely blow up the required number of balloons, and/or; Failed to train Plaintiff how to safely manually blow up balloons, and/or; Failed to warn Plaintiff of the dangers of manually blowing up balloons, and/or; Defendant failed inform Plaintiff of the serious nature of his right eye condition, and/or; Defendant failed inform Plaintiff that he required urgent medical care for his right eye condition, and/or; Sent Plaintiff back to work after he reported his right eye condition, and/or; Required the Plaintiff to work with vision and eye problems, and/or; Created a work environment where crew members are encouraged to return to work with injuries, and/or; Failed to warn Plaintiff of the dangers of delayed medical treatment for his right eye condition, and/or; Ship's medical personnel were incompetent in diagnosing the serious nature of Plaintiff's right eye condition, and/or;      Ship's medical personnel were improperly trained to adequately deal with Plaintiff's medical condition, and/or; Ship's medical personnel were not adequately qualified and/or adequately licensed to provide medical care to Plaintiff, all of which injured Plaintiff and/or aggravated Plaintiff's injuries.

    b.  The vessel was not reasonably fit for its intended purpose;

    c.  The vessel's crew and medical personnel were not properly trained, instructed or supervised;

    d.  The vessel did not have a fit crew;

    e.  The vessel did not have adequate manpower for the task being performed;

    f  The vessel did not have adequate equipment for the task being performed;

g.   The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

46.   As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law as well as pre and post judgment interest and demands a jury trial of all issues so triable..

## COUNT III
### FAILURE TO PROVIDE MAINTENANCE AND CURE

47.   Plaintiff realleges, incorporates by reference, and adopts paragraphs one through thirty-four as though they were originally alleged herein.

48.   Plaintiff while in the service of the vessel as a crew member was injured.

49.   Under the General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant, until he is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage which ever is longer.

50.   Defendant did not timely diagnose and/or treat Plaintiff's injuries and required him to continue to work injured. Defendant failed to provide Plaintiff with prompt, proper and adequate medical treatment for his injuries/illness developed while in the service of the vessel. Defendant failed to authorize and/or provide Plaintiff with medical treatment recommended by his medical care providers. Defendant prematurely terminated Plaintiff's maintenance and cure benefits. Defendant failed to re-instate Plaintiff's maintenance and cure benefits. Defendant has sole custody and control of Plaintiff's ship board medical records, Plaintiff's Maintenance and Cure Payment Summary and other documents related to the above. These documents are needed by Plaintiff to review to show exact dates and amounts.

51.   Defendant willfully and callously delayed, failed and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition Defendant is late in paying the maintenance and cure.

52.   Defendant's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law

of the United States. Further Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated his condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands all damages entitled by law as well as pre and post judgment interest and demands a jury trial of all issues so triable.

## COUNT IV
## FAILURE TO TREAT

53.   Plaintiff realleges, incorporates by reference and adopts paragraphs one through thirty-four as though originally alleged herein.

54.   Plaintiff was employed by Defendant as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

55.   It was the duty of Defendant to provide Plaintiff with prompt, proper and adequate medical care.

56.   Defendant through the ship's physicians, and/or shoreside physicians and nurses negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

a. Defendant not giving Plaintiff adequate and prompt medical care after his initial injury and/or when he reported his right eye condition; and/or

Page 14 of 18

b. Defendant sending Plaintiff back to work after he reported his vision and eye problems which aggravated his injuries and made them worse, and/or

c. Defendant not adequately diagnosing the Plaintiff, which led to inadequate care, all of which caused or aggravated his condition and/or

d. Failing to authorize and/or provide Plaintiff with medical treatment recommended by his medical care providers.

57.   As a direct and proximate result of Defendants' failure, Plaintiff suffered additional pain, injuries, aggravation of injuries, disability and/or Plaintiff's recovery was prolonged.

58.   In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred additional medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

59.   This Count is alleged separately from Jones Act Negligence pursuant to Joyce v. Atlantic Richfield Company, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured

seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

WHEREFORE, Plaintiff demands all damages entitled by law as well as pre and post judgment interest and demands a jury trial of all issues so triable.

## COUNT V
## WAGES AND PENALTIES
## 46 USCA SECTION 10313

60.     Plaintiff realleges, incorporates by reference, and adopts paragraphs one through thirty-four as though originally alleged herein.

61.     At all times material hereto, Plaintiff was employed as a seaman in the service of the vessel.

62.     While in the service of the ship, Plaintiff performed all the work required of him, and carried out the orders given by his superiors.

63.     Plaintiff was discharged without any lawful, just or sufficient cause. At the time of Plaintiff's discharge, the vessel was in a port of the United States.

64.     At the time of Plaintiff's discharge, Defendant did not pay Plaintiff all of his earned wages, including reimbursement of deductions previously made from Plaintiff's wages.  Defendant has sole custody and control of Plaintiff's wage records and personnel file. These documents are needed by Plaintiff to review to show exact dates and amounts with respect to earned wages owing to Plaintiff and deductions made from such earned wages.

65.     At the time of Plaintiff's discharge, Plaintiff demanded all his wages, including reimbursement of deductions made from Plaintiff's earned wages.

66.    Defendant refused to pay Plaintiff all his earned wages or reimburse Plaintiff for
the deductions made therefrom, without sufficient cause.

67.    Under 46 U.S.C.A. Section 10313, Plaintiff is entitled to his earned wages,
deductions, and two days wages for each day payment is delayed.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, wage
penalties, attorney's fees and interest as permitted by law. Plaintiff also demands trial by
jury.

## COUNT VI
## RETALIATORY DISCHARGE

Plaintiff realleges, incorporates by reference, and adopts paragraphs one through
thirty-four as though they were originally alleged herein and further alleges:

68.    As a result of the above referenced injury, Plaintiff claimed maintenance and cure
benefits from Defendant pursuant to the General Maritime Law of the United
States as well as other claims against Defendant.

69.    Defendant's doctors determined the Plaintiff was fit for duty for his position.

70.    Defendant refused to re-hire Plaintiff.

71.    Defendant refused to re-hire Plaintiff because of his legal claims.

72.    As a direct and proximate result of Defendant's refusal to re-hire Plaintiff,
Plaintiff suffered damages.

WHEREFORE, Plaintiff demands all damages entitled to by law, wages,
penalties, court costs, attorney's fees, prejudgment and post-judgment interest and
demands jury trial of all issues so triable.

Page 17 of 18

printing document                                                                 Page 18 of 18

MEISTER LAW, LLC
Courthouse Tower, Suite 750
44 West Flagler Street
Miami, Florida 33130
Phone: (305) 590-5570
Fax: (305) 675-3787

By: s/Tonya J. Meister
TONYA J. MEISTER
FLORIDA BAR NO.: 0629243

Page 18 of 18

Filing # 42494959 E-Filed 06/08/2016 04:03:24 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 16-013563-CA-09

MICHALE BENAQUIST

        Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

        Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Amended
Complaint or petition in this action on defendant: ROYAL CARIBBEAN CRUISES LTD.

By serving:     BRADLEY   H. STEIN
               1050 CARIBBEAN WAY
               MIAMI, FL 33132
As registered agent

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's
attorneys, to wit:
        Tonya J. Meister, Esquire,
        MEISTER LAW, LLC,
        Courthouse Tower, Suite 750,
        44 West Flagler Street
        Miami, FL 33130
        (305) 590-5570.

Within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on _____.

        HARVEY RUVIN
        as Clerk of said Court


        by: _____
           as Deputy Clerk
           (Court Seal)

printing document                                                                                                    Page 1 of 1

Filing # 42494959 E-Filed 06/08/2016 04:03:24 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 16-013563-CA-09

MICHALE BENAQUIST

        Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

        Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Amended
Complaint or petition in this action on defendant: ROYAL CARIBBEAN CRUISES LTD.

By serving.    BRADLEY  H. STEIN
           1050 CARIBBEAN WAY
           MIAMI, FL 33132
As registered agent

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's
attorneys, to wit:

        Tonya J. Meister, Esquire,
        MEISTER LAW, LLC,
        Courthouse Tower, Suite 750,
        44 West Flagler Street
        Miami, FL 33130
        (305) 590-5570.

Within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on ___6/17/2016_____ .

        HARVEY RUVIN
        as Clerk of said Court



        by: _____ 309876
        as Deputy Clerk
        (Court Seal)

printing document

Filing # 43319901 E-Filed 06/28/2016 02:04:16 PM

## VERIFIED RETURN OF SERVICE

State of Florida                County of MIAMI-DADE              Circuit Court

Case Number: 16-013563 CA 09

Plaintiff:
MICHALE BENAQUIST

vs.

Defendant:
ROYAL CARIBBEAN CRUISES, LTD.

For:
Tonya Meister, Esq.
MEISTER LAW, LLC
44 W. Flagler St.
Suite 750
Miami, FL  33130

Received by AMS Process Service, Inc. on the 21st day of June, 2016 at 11:30 am to be served on ROYAL CARIBBEAN CRUISES LTD. by serving: BRADLEY H. STEIN, AS REGISTERED AGENT, 1050 CARIBBEAN WAY, MIAMI, FL 33132.

I, Anna Scomavacca CP#1320, do hereby affirm that on the 23rd day of June, 2016 at 2:51 pm, I:

Served the Defendant corporation by delivering a true copy of the SUMMONS AND AMENDED COMPLAINT with the date and hour endorsed thereon by me to AMANDA CAMPOS, GUEST CLAIMS AND LITIGATION authorized to accept service of process for BRADLEY STEIN, ESQUIRE, Registered Agent of Defendant corporation, in compliance with Florida statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and correct. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

Anna Scomavacca CP#1320
Process Server

AMS Process Service, Inc.
5551 S.W. 48 Street
Miami, FL  33155
(305) 662-4440

Our Job Serial Number: 2016000502

Copyright © 1992-2005 Database Services, Inc. – Process Server's Toolbox V6.5l

printing document                                                                        Page 2 of 2

Filing # 42494959 E-Filed 06/08/2016 04:03:24 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 16-013563-CA-09

MICHALE BENAQUIST

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

Defendant.

_____/

6/23/16 2:51 pm
MMS #7320
Amanda Campos
Guest Claims and Litigation
Royal Caribbean Cruises Ltd.

6/23/16 @ 2:51 PM

### SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Amended
Complaint or petition in this action on defendant: ROYAL CARIBBEAN CRUISES LTD.

By serving:          BRADLEY  H, STEIN
                     1050 CARIBBEAN WAY
                     MIAMI, FL 33132
As registered agent

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's
attorneys, to wit:

                     Tonya J. Meister, Esquire,
                     MEISTER LAW, LLC,
                     Courthouse Tower, Suite 750,
                     44 West Flagler Street
                     Miami, FL 33130
                     (305) 590-5570.

Within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on   6/17/2016

                                      HARVEY RUVIN
                                      as Clerk of said Court

                              by: _____ 309878
                                      as Deputy Clerk
                                      (Court Seal)

printing document                                                                 Page 1 of 2

Filing # 43906686 E-Filed 07/13/2016 04:03:07 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.  16-013563-CA-09

MICHALE BENAQUIST,

      Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

      Defendants

_____/

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant, ROYAL CARIBBEAN CRUISES LTD., by and through undersigned counsel, respectfully requests this Court to grant an extension of time for Defendant to file a response to Plaintiff's Complaint.

    1.    A response to Plaintiff's Complaint is due today, July 13, 2016.

    2.    Defendant seeks an enlargement of time to respond to the Complaint in order to permit the parties to discuss placing the matter in arbitration.

    3.    It is in the interest of judicial economy to confer regarding arbitration before removing the case to the United States District Court and seeking an order compelling arbitration.

    4.    Defendant respectfully submits that this request is not for purposes of delay.

WHEREFORE, Defendant, ROYAL CARIBBEAN CRUISES LTD., requests that this Honorable Court grant its Motion for Extension of Time and extend the deadline to respond to Plaintiff's Complaint for thirty (30) days.

Case No. 16-013563-CA-09

Respectfully submitted,

ROYAL CARIBBEAN CRUISES LTD.
1050 Caribbean Way
Miami, Florida 33132
(305) 539-3943 Tel.
(305) 539-4457 Alt.
(305) 539-8101 Fax

By:   /s/ Natasha K. Alcivar
      Natasha K. Alcivar
      nalcivar@rccl.com
      Florida Bar No.: 390054

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was served via E-mail on this

13th day of July, 2016 to: Tonya J. Meister, Esq., MEISTER LAW, LLC, 44 West Flagler Street,

Suite 750, Miami, FL 33130; tonyajmeister@aol.com.

      /s/ Natasha K. Alcivar
      Natasha K. Alcivar

2

Filing # 43950258 E-Filed 07/14/2016 02:15:34 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 16-013563-CA-09

MICHAEL BENAQUIST,

     Plaintiff

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant

_____/

## PLAINTIFF'S NOTICE OF HEARING
(Motion Calendar)

To:   Natasha K. Alcivar, Esq.
      nalcivar@rccl.com
      ROYAL CARIBBEAN CRUISES LTD.
      1050 Caribbean Way
      Miami, Florida 33132

     PLEASE TAKE NOTICE that a hearing on **Defendant's Motion for Extension of Time to Respond to Complaint** in the above styled cause will be heard before the **Honorable Jerald Bagley, Room #511**, one of the Judges of the above styled Court at the DADE COUNTY COURTHOUSE in Miami, Florida on **Wednesday, the 27th day of July, 2016 at 8:30 AM** or as soon thereafter as the matter may be heard.

**"If you are a person with a disability who needs any accommodation to a participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Dade County Court's ADA Coordinator at 73 West Flagler, Room 1600, Miami, Fl 33130, telephone numbers (305) 375-2006 for voice or (305) 375-2007 for TDD and 305-6205 for fax, within 2 working days of your receipt of this document.   TDD users may also call 1-800-955-8771, for the Florida Relay Service"**

Page 1 of   2

## AFFIDAVIT OF GOOD FAITH

Undersigned counsel certifies that a bona fide effort to agree or to narrow the issues on the Motion noticed has been made with opposing counsel or that, because of time considerations, such effort has not as yet been made but will be made prior to the scheduled hearing.

I HEREBY CERTIFY that a true copy of the foregoing has been mailed to the above named addressee on July 14, 2016.

MEISTER LAW, LLC
Courthouse Tower, Suite 750
44 West Flagler Street
Miami, Florida 33130
Phone: (305) 590-5570
Fax: (305) 675-3787

By: s/TonyaJMeister
TONYA J. MEISTER
FLORIDA BAR NO.: 0629243

Page 2 of  2